# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRAVIS GEORGE MISKAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-0646-HE |
| | ) | |
| W.A. SHERROD, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a California inmate confined at North Fork Correctional Facility ("NFCF") in Sayre, Oklahoma appearing *pro se* and *in forma pauperis,* filed this § 1983 action asserting violations of his constitutional rights in four claims against multiple defendants in both their individual and official capacities. He seeks both monetary and injunctive relief.[1] Consistent with 28 U.S.C. § 636(b)(1)(B), (C), the matter was referred for initial proceedings to Magistrate Judge Shon T. Erwin. He has recommended that Counts I-III be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and that Count IV, as requested by defendants in their motion to dismiss, be dismissed for failure to exhaust administrative remedies. Defendants had sought the dismissal of all plaintiff's claims solely on the basis of failure to exhaust. *See* 42 U.S.C. § 1997e(a).

Plaintiff alleges due process violations in all four counts based on defendants' asserted interference with his efforts to exhaust his administrative remedies. In Counts II and III he also alleges defendants violated his Eighth Amendment rights by allowing the presence of

---

[1]*The magistrate judge noted that plaintiff had not served four defendants and had not served one defendant with the first amended complaint.*

trans-fat in the non-dairy drink substitute served at NFCF, by not serving milk, by only serving the non-dairy substitute every other day[2] and by, on numerous occasions, running out of the non-dairy substitute and denying him his "daily caloric intake." Doc. #46-1, p. 2 (Exhibit A). In Count IV plaintiff alleges defendants violated his rights to freedom of religion and equal protection by delaying the provision of a religious meal.[3] Plaintiff has objected to the Report and Recommendation.

The magistrate judge initially recommends that plaintiff's claims asserted against defendants in their official capacities for monetary relief should be dismissed with prejudice as being barred by sovereign immunity. The court agrees with respect to the California defendants that plaintiff has sued. As for the remaining defendants, they are employees of a private prison rather than state employees. They are not entitled to Eleventh Amendment immunity, but they also may not be sued in an official capacity. Plaintiff's official capacity claims for damages against all defendants will be dismissed.

The magistrate judge recommends that plaintiff's due process claims based on defendants' asserted interference with his efforts to exhaust his administrative remedies (Counts I-III) be dismissed with prejudice for failure to state a claim. He concluded that plaintiff's due process rights were not implicated because prison grievance procedures do not create a protected liberty interest. The court agrees with his analysis. *See* Todd v. Bigelow,

---

[2]*Sugar free Kool-Aid is allegedly served on the alternate days.*

[3]*The magistrate judge liberally construed the complaint to include a First Amendment claim in Count IV.*

2

497 Fed. Appx. 839, 842 (10th Cir. 2012) ("prisoners have no liberty interest in prison grievance procedures"), *cert. denied*, ___ U.S. ___ (2013). Count I and plaintiff's due process claims in Counts II-III will be dismissed with prejudice.

As for plaintiff's claims premised on the presence of trans-fat in the non-dairy drink substitute served at NFCF, and on defendants' asserted failure to serve milk and their occasional failure to have an adequate supply of the non-dairy substitute, the magistrate judge determined that plaintiff failed to state an Eighth Amendment claim based on food deprivation. Quoting Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998), he concluded that "[s]poradic denial of milk and/or being served a non-dairy drink substitute, even one containing trans-fat, does not equate to a 'sufficiently serious' deprivation of 'the minimal civilized measure of life's necessities,' nor does it equate to the wanton and obdurate disregard for inmate health and safety" required for an Eighth Amendment claim. Doc. #71, p. 8. He also noted that plaintiff failed to allege any actual injury or damage resulting from being served the non-dairy substitute or from not having a daily serving of milk, but made only conclusory assertions that he was not being served a sufficient "daily caloric intake."

In his objection, plaintiff discusses how in general a person can be harmed by trans fat and lists various "adverse health effects as a result of the NFCF diet he is ongoingly receiving." Doc. #72, p. 5. However, plaintiff does not effectively challenge the magistrate judge's determination that his allegations related to the quality of the non-dairy drink substitute, to the absence of milk from his diet or to the irregular provision of the non-dairy drink, even if true, do not rise to the level required to state a cognizable Eighth Amendment

3

claim.

"A substantial deprivation of food, may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002). More is required though, than what plaintiff has alleged here. To state a constitutional claim based on food deprivation, a prisoner must allege a "sufficiently serious" deprivation of "the minimal civilized measure of life's necessities." Barney, 143 F.3d at 1310 (emphasis added). He also must allege that the prison officials were deliberately indifferent "to a substantial risk of serious harm to an inmate." *Id*. Considering the Incident Statements and Inmate Requests attached to the first amended complaint,[4] along with the assertions in his complaint, plaintiff has essentially alleged that defendants served him a milk substitute containing trans fat every other day and, approximately 40 times in eleven months ran out of it before he was served his breakfast.[5] He states that "[o]n one occasion [he] went nine days without dairy in [his] diet." Doc. #46, p. 8. He has not though, as the magistrate judge points out, alleged any actual injury or damage resulting from the claimed deprivation.[6]

---

[4]*See* Oxendine v. Kaplan, *241 F.3d 1272, 1275 (10th Cir. 2001) ("[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint."); see also Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part thereof for all purposes").*

[5]*In an Inmate Appeal Form Attachment submitted with his complaint, plaintiff states that "[f]rom January 1 - January 27, 2014 [he] was denied Dairy drink 18 of those 27 days." Doc. #46-5,p. 7 (Exhibit E).*

[6]*Plaintiff's declaration in his objection that he has experienced muscle soreness, migraines and various other effects as a result of the NFCF diet is too late. He cannot amend his complaint*

4

The inadequacy of his allegations become apparent when compared with allegations which the Tenth Circuit found were "barely sufficient at this pleading stage to require a response from the government." In <u>Strope v. Sebelius</u>, 189 Fed.Appx. 763, 766 (10th Cir. 2006), the plaintiff, who was approved for a kosher prison diet, asserted that on multiple occasions in a two month period between March and June 2005, the meals were unacceptable. He claimed a "'sour'd' turkey sandwich 'made [him] sick to [his] stomach with severe cramps till [sic] 2 in the morning'" and that "on one occasion the kosher meal was 'burnt beyond recognition.'" *Id.* at 765. These were cited by the prisoner as "examples of an 'everyday and on-going' practice of the prison, which he claim[ed] 'routinely' serve[ed] spoiled food to prisoners on a kosher diet." *Id.*

As a result of the problems with the food, the prisoner, Mr. Strope, alleged that he:

> continue[d] to go to bed at night hungry from lack of proper foods, and continue[d] to be deprived of an adequate kosher diet, and [was] forced to buy food products from the canteen to survive and balance out the proper calories, vitamins, irons, niacins, proteins, and other required essentials to equal a balanced diet

*Id.* The Tenth Circuit determined that it was "a close question" whether Mr. Strope had stated an Eighth Amendment claim for food deprivation.

The deprivations plaintiff alleges are not on the same scale as those claimed by the plaintiff in <u>Strope</u>. If allegations of being routinely served spoiled food over a two month

---

*by assertions in a brief or objection. There were no specific allegations of injury in plaintiff's original complaint, first amended complaint, or any of the Incident Statements and Inmate Requests attached to the first amended complaint.*

5

period are barely enough to state a claim, the court agrees with the magistrate judge that plaintiff's complaint that instead of milk he is given a dairy substitute that contains trans fat on alternate days and occasionally does not get it, does not rise to the level required to state a violation of the Eighth Amendment for food deprivation. Plaintiff's Eighth Amendment claims in Count II and III will be dismissed with prejudice.

The magistrate judge recommended that defendants' motion to dismiss Count IV be granted for failure to exhaust administrative remedies. He suggests that Count IV also be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(3)(2) with respect to the unserved defendants on the basis of failure to exhaust. In his objection plaintiff argued that he had stated a valid claim based on defendants' refusal to provide him with a Winter Solstice Meal, not that he had exhausted that claim. As the claim has not been exhausted, Count IV will be dismissed without prejudice as to both served and unserved defendants.

Accordingly, the court **ADOPTS** the Report and Recommendation to the extent stated. Plaintiff's claims against the defendants in their official capacities seeking monetary relief are dismissed with prejudice. Counts I, II and III are dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B). Defendants' motion to dismiss [Doc. #49] is **GRANTED** in **PART** and otherwise **MOOT**. Count IV is dismissed without prejudice as to both served and unserved defendants.

**IT IS SO ORDERED**.

Dated this 7th day August, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE